**DAN QING ZHU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Respondents.**

**No. 05–6590–ag.**

United States Court of Appeals, Second Circuit.

June 1, 2007.

Dan Qing Zhu, pro se, New York, N.Y., for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, T.J. Johnson, Assistant United States Attorney, Dallas, TX, for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Dan Qing Zhu, a citizen of the People's Republic of China, seeks review of a November 15, 2005 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") Brigitte Laforest, denying her applications for asylum, withholding of removal and relief un-

der Article 3 of the Convention Against Torture ("CAT"). *In re Dan Qing Zhu,* No. A79 641 241 (B.I.A. Nov. 15, 2005), *aff'g* No. A79 641 241 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review questions of law and the application of law to undisputed fact *de novo,* while we review the agency's factual findings under the substantial evidence standard.

We find no error in the agency's decision to deny Zhu's applications for relief. In order to qualify for asylum or withholding of removal, Zhu was required to establish that her fear of persecution was on account of a protected ground of relief. 8 U.S.C. § 1101(a)(42). The five grounds of relief articulated under the statute are: race, religion, nationality, political opinion, and particular social group. *Id.* Here, substantial evidence supports the IJ's finding that Zhu's only claimed fear is that she would be targeted by Chinese authorities for arrest and punishment on account of her illegal emigration.[1] Accordingly, there is no error in the IJ's conclusion that she failed to establish a nexus between her fear of mistreatment and a protected ground of relief. *See Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002).

Eligibility for CAT relief requires no nexus. However, Zhu offered no testimony or other particularized evidence that she would be singled out for torture in China. In addition, the 2004 State Department Profile of Asylum Claims and Country Conditions indicates that repatriated Chinese citizens are rarely fined and are typically detained for only a short

time. We note that the report also does not suggest that a second repatriation would result in torture. Accordingly, the IJ's denial of Zhu's application for CAT relief was appropriate. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005).

Accordingly, Zhu's petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

**LONG HU, Petitioner,**

v.

---

[1] Zhu never attributed her fear that she would be unable to pay her debt or secure a job to the Chinese government, but rather to poor economic conditions in China.